*Law Office Of*
**MICHAEL P. RING**
AND ASSOCIATES
Michael P. Ring, State Bar #95922
James Kelly Francis, State Bar #167059
1234 Santa Barbara Street
Santa Barbara, CA 93101
Tel. (805) 564-2333
Fax (805) 564-8899
mpr@ringlaw.net

```
┌─────────────────────────┐
│         FILED           │
│                         │
│       NOV - 8 2007      │
│                         │
│  CLERK, U.S. BANKRUPTCY │
│  CENTRAL DISTRICT OF    │
│  CALIFORNIA             │
└─────────────────────────┘
```

ATTORNEYS FOR PLAINTIFF

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA

| | |
|---|---|
| In re: LEE STERN, JACQUELINE STERN, )<br><br>　　　　　　Debtors.　　　　　　　)<br>_____ )<br>　　　　　　　　　　　　　　　　　)<br>GAINESVILLE COINS, INC.　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　)<br>　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>LEE STERN,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　)<br>_____ ) | BK. No.: 8:07-bk-12462-TA<br>(Chapter 7)<br><br>Adversarial Proceeding No.<br>_____<br><br>COMPLAINT TO DETERMINE<br>NON-DISCHARGEABILITY OF<br>DEBT<br><br>(11 U.S.C. §523(a)(4), (6)) |

Plaintiff GAINESVILLE COINS, INC., hereby alleges as follows.

1.　　This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §157(b).

2.　　Defendant LEE STERN is a debtor in this Chapter 7 case.  Plaintiff is a creditor of said Defendant.

3.　　This is an adversary proceeding to determine the dischargeability of a debt.

4.　　At all times relevant hereto, Plaintiff was doing business in the State of Florida, as a dealer of rare and valuable coins.  All transactions between Plaintiff and Defendant LEE STERN were subject to the laws of the State of Florida.

5.     Defendant LEE STERN is indebted to Plaintiff in an amount of not less than $166,125 for the embezzlement of gold coins entrusted by Plaintiff to said Defendant in his capacity as a coin dealer, and the willful and malicious conversion of the proceeds from the sale thereof to Defendant's own use.

6.     Pursuant to Florida Statute §772.11, Plaintiff is entitled to treble damages for Civil Theft.  Said treble damages are in the sum of $498,375, which are to be added to the principle sum due, for a total claim of $664,500.

7.     The debt of $664,500 owed by Defendant LEE STERN to Plaintiff herein is non-dischargeable under 11 U.S.C. 523(a)(4), and (6).

Wherefore, Plaintiff prays that the Court determine that the debt of $664,500 is non-dischargeable, that Plaintiff have judgment against Defendant LEE STERN for $664,500, together with interest thereon at the maximum legal rate, and that Plaintiff have such other and further relief as is just, including reasonable costs and attorneys' fees.

Respectfully submitted,

LAW OFFICE OF MICHAEL P. RING & ASSOC.

Dated: November 7, 2007          By: _____
                                      MICHAEL P. RING
                                      ATTORNEY FOR PLAINTIFF

2

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

FORM B104  (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS GAINESVILLE COINS, INC. | DEFENDANTS LEE STERN |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Michael P. Ring Law Office of Ring & Associates, 1234 Santa Barbara St. Santa Barbara, CA 93101; 805-564-2333 | ATTORNEYS (If Known) Charles Martin 17671 Irvine Blvd, Suite 113 Tustin, CA 92780; 714-544-7558 |
|---|---|

**PARTY (Check One Box Only)**

☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor   ☐ Other
☐ Trustee

**PARTY (Check One Box Only)**

☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Embezzlement of gold coins entrusted by Plaintiffs to Defendant LEE STERN in his capacity as a coin dealer, and the willful and malicious conversion of the proceeds from the sale by Defendant, thereby rendering the debt to Plaintiffs non-dischargeable under 11 U.S.C. 523(a)(4), and (6).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property of §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☒ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

ORIGINAL

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** LEE STERN and JACQUELINE STERN | | **BANKRUPTCY CASE NO.** 8:07-bk-12462-T |
| **DISTRICT IN WHICH CASE IS PENDING** CENTRAL DISTRICT OF CALIFORNIA | **DIVISIONAL OFFICE** SANTA ANA | **NAME OF JUDGE** THEODOR C. ALBERT |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** NATIONAL GOLD EXCHANGE, INC. | **DEFENDANT** LEE STERN | **ADVERSARY PROCEEDING NO.** (being filed concurrently herewith) |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** CENTRAL DISTRICT OF CALIFORNIA | **DIVISIONAL OFFICE** SANTA ANA | **NAME OF JUDGE** THEODOR C. ALBERT |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
|  |
| **DATE** 11/7/07     **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** MICHAEL P. RING, CA State Bar # 95922 |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.